IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HISENSE USA CORPORATION,<br><br>               Plaintiff,<br><br>    v.<br><br>BAKER LASER TECHNOLOGY, LLC,<br><br>               Defendant. | Civil Action No. CaseNumber<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT**

Plaintiff Hisense USA Corporation ("Hisense") seeks a declaration that Hisense does not directly or indirectly infringe United States Patent No. 9,185,373 (the "'373 patent"), either literally or under the doctrine of equivalents, and in support of its Complaint alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for a declaratory judgment of noninfringement arising under the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act. Hisense seeks this relief because Defendant Baker Laser Technology, LLC ("Baker") has accused Hisense of infringing the '373 patent and has sued other companies for allegedly infringing the same patent.

2. An immediate, real, and justiciable controversy exists between Hisense and Baker as to whether the '373 patent has been infringed by Hisense.

**THE PARTIES**

3. Plaintiff Hisense is a Georgia corporation having its principal place of business at 7310 McGinnis Ferry Road, Suwanee, Georgia.

4. Upon information and belief, Defendant Baker is a Massachusetts limited liability

company having an address at 288 Middle Street, West Newbury, MA 01985.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

6. This Court has subject matter jurisdiction over the claims alleged in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201 because this action involves claims arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202. Jurisdiction is also proper because Hisense and Baker are citizens of different states and the value of the controversy exceeds $75,000.

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because Baker resides in this District and because a substantial part of the events giving rise to the claims alleged in the Complaint occurred in this District and Baker is subject to the Court's personal jurisdiction with respect to this civil action.

8. For these reasons and the reasons set forth below, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

## BACKGROUND

9. On November 10, 2015, the United States Patent and Trademark Office ("USPTO") issued the '373 patent entitled "Laser Projection System" to David James Baker and Richard A. Baker, Jr. A true and correct copy of the '373 patent is attached as Exhibit A. Upon information and belief, Baker is the owner by assignment of the '373 patent.

10. On or about January 13, 2022, counsel for Defendant Baker sent a letter to Plaintiff Hisense stating that Baker believed that Hisense products in the laser projector markets "infringe a number of claims in the Baker Patent Portfolio." A true and correct copy of this letter is attached

as Exhibit B. The letter included "an exemplary infringement analysis claim chart that applies claims of the '373 patent to Hisense's 4K UHD Smart Laser TV." Exhibit B at 2-3.

11. On or about February 23, 2023, Hisense sent Baker a slide deck with explanations of why Hisense's products did not infringe.

12. On or about March 28, 2023, counsel for Baker responded and disagreed with Hisense's assertions of noninfringement, suggested that further discussions would be a waste of time, and pushed for Hisense to take a license to Baker's patents.

13. On November 13, 2024, Baker filed a patent infringement litigation against Seiko Epson Corporation in the District Court for the Eastern District of Texas. In that case, Baker asserted that Seiko Epson infringed the '373 patent. Baker was represented by Cortney S. Alexander at Kent & Risley LLC.

14. On or about April 18, 2025, Cortney S. Alexander at Kent & Risley LLC sent another letter to Hisense suggesting that certain Hisense products infringe the '373 patent. A true and correct copy of this letter is attached as Exhibit C.

15. On April 25, 2025, Baker filed a patent infringement litigation against Samsung Electronics America, Inc., in the District Court for the Eastern District of Texas. In that case, Baker is asserting that Samsung infringes the '373 patent. Baker is again represented by Cortney S. Alexander at Kent & Risley LLC.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Noninfringement of U.S. Patent No. 9,185,373)

16. Hisense repeats and realleges Paragraphs 1 through 15 of this Complaint.

17. Hisense and its affiliates have not infringed and do not infringe any claims of the '373 patent either directly or indirectly (contributorily or by inducement), literally or under the

doctrine of equivalents, including through Hisense's making, use, importation into the United States, sale, and/or offer for sale of any Hisense products.

18. Baker accuses Hisense of infringing claim 1 of the '373 patent which recites the following:

> A light projecting device comprising
>
> an interface for connecting the light projecting device to a video generating device;
>
> said interface receiving instructions from the video generating device that specify a video image;
>
> said instructions reformatted by the light projecting device into instructions for activating two or more semiconductor lasers, said lasers energized and de-energized to form pulses of light,
>
> said pulses of light sent through a rotating disk,
>
> such that the video image is projected from the light projecting device in a format such that the video image is visible on a surface.

19. Contrary to Baker's allegations, Hisense's products do not infringe claim 1 of the '373 patent at least because the Hisense products do not contain "instructions from the video generating device that specify a video image; said instructions reformatted by the light projecting device into instructions for activating two or more semiconductor lasers, said lasers energized and de-energized to form pulses of light," as required by claim 1 as shown above.

20. Baker accuses Hisense of infringing claim 8 of the '373 patent which recites the following:

> A method of delivering a beam of light across a surface comprising
>
> generating a beam of light using two or more semiconductor lasers,
>
> said beam of light consisting of a stream of pulses of light to display on the surface,
>
> transmitting said pulses of light through a rotating disk; and

>synchronizing said rotating disk with the lasers such that the pulses of light are modified such that an image is formed on the surface.

21. Contrary to Baker's allegations, Hisense's products do not infringe claim 8 of the '373 patent at least because the Hisense products do not "synchroniz[e] said rotating disk with the lasers such that the pulses of light are modified such that an image is formed on the surface," as required by claim 8 and shown above.

22. Accordingly, at least for the above reasons, Hisense's products do not infringe the asserted claims of the '373 patent either literally or under the doctrine of equivalents.

23. Hisense also does not induce infringement of the '373 patent, or otherwise indirectly infringe the '373 patent, because there is no underlying direct infringement of the asserted claims for at least the reasons stated above, and also because Hisense has not acted with specific intent necessary for induced infringement.

24. Hisense also does not contributorily infringe the '373 patent because there is no underlying direct infringement of the asserted claims for at least the reasons stated above, and also because Hisense did not sell or offer to sell any products "knowing the same to be especially made or especially adapted for use in an infringement of [the '373] patent." 35 U.S.C. § 271(c).

25. As set forth above, there exists an actual controversy between Hisense and Baker with respect to alleged infringement of the '373 patent of sufficient immediacy and reality to warrant issuance of a declaratory judgment as to whether Hisense infringes the '373 patent. Accordingly, Hisense desires a judicial determination and declaration of the respective rights and duties of the Parties with respect to the '373 patent.

26. Hisense is entitled to a judicial determination that Hisense does not directly infringe, induce others to infringe, or contribute to the infringement of any asserted claims of the '373 patent.

27. A judicial declaration is necessary and appropriate so that Hisense may ascertain its rights regarding the claims of the '373 patent.

## PRAYER FOR RELIEF

Hisense respectfully requests the following relief:

A. That the Court enter a judgment declaring that Hisense has not infringed and does not infringe any asserted claim of the '373 patent either directly or indirectly;

B. That the Court declare that this case is exceptional under 35 U.S.C. § 285 and award Hisense its attorneys' fees, costs and expenses incurred in this action;

C. That the Court award Hisense any and all other relief to which Hisense may show itself to be entitled; and

D. That the Court award Hisense any other relief as the Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Hisense demands a trial by jury on all issues triable by a jury.

Respectfully submitted,

June 20, 2025

By: */s/ John Christopher Moulder*
Patrick J. McKeever (*pro hac vice* forthcoming)
PMcKeever@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone:   +1.858.720.5700
Facsimile:    +1.858.720.5799

John Christopher Moulder (BBO #695269)
ChrisMoulder@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, NW, Suite 800
Washington, DC 20005-3960
Telephone:   +1.202.654.3337

*Attorneys for Plaintiff Hisense USA Corporation*