**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| HISENSE USA CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>BAKER LASER TECHNOLOGY, LLC,<br><br>        Defendant. | Civil Action No. 1:25-cv-11798-LTS<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

## JOINT STATEMENT REGARDING SCHEDULING ORDER

Plaintiff Hisense USA Corporation ("Hisense") and Defendant Baker Laser Technology ("Baker") (collectively "the Parties"), by and through undersigned counsel, submit the following Joint Statement pursuant to the Notice of Scheduling Conference issued by the Court on October 20, 2025 (Dkt. 14), Local Rules 16.1 and 16.6, and Fed. R. Civ. P. 26(f).

This is a case in which Hisense seeks a declaratory judgment of non-infringement of United States Patent No. 9,185,373 ("the '373 patent"). Baker denies Hisense's allegations and has counterclaimed for infringement of the '373 patent.

Pursuant to Fed. R. Civ. P. 26(f), the Parties' trial counsel met and conferred on October 23, 2025. Thereafter, counsel prepared this Joint Statement summarizing their respective positions and proposals.

### Joint Proposed Schedule

The Proposed Scheduling Order proposes dates for: (i) the timing of disclosures under Federal Rule of Civil Procedure 26(a)(1); (ii) the discovery and case management deadlines; and (iii) patent-specific deadlines. A copy of the Parties' Proposed Scheduling Order is attached hereto as Exhibit 1.

**Joint Discovery Plan**

Initial Disclosures: The Parties have agreed to exchange the information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure by Thursday, November 6, 2025, as set forth in the proposed schedule. The Parties agree that supplemental disclosures under Rule 26(e) will be made promptly after the receipt of information by the Party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown why such information was not available.

Fact Discovery: The Parties agree that fact discovery shall be performed on an ongoing basis. The Parties shall respond to requests for production, interrogatories, and requests for admission according to the Federal Rules of Civil Procedure and any applicable Local Rules. All discovery requests must be served such that any response necessary can be timely completed before the close of fact discovery and according to the Federal Rules of Civil Procedure and any applicable Local Rules.

Plaintiff Hisense expects to take discovery regarding the patent-in-suit and Baker's related patents and applications, the alleged invention of the subject matter of the patent-in-suit, the preparation and prosecution of the patent-in-suit, the invalidity of the patent-in-suit, Baker's infringement allegations, Baker's settlement and license agreements, and prior art.

Defendant Baker expects to take discovery regarding the patent-in-suit and Hisense's knowledge thereof, the validity of the patent-in-suit, Hisense's infringement of the patent-in-suit, and Baker's damages relating to Hisense's infringement of the patent-in-suit.

Discovery Limitations:

- **Fact Witness Depositions:** Absent agreement of counsel or leave of court, each Party may take no more than 10 depositions, excluding expert depositions. No

single deposition shall last more than 7 hours. Depositions shall comply with the requirements of Fed. R. Civ. P. 30(d)(1).

- **Interrogatories:** Each side may serve 25 Interrogatories.

- **Requests for Admission:** Each side may serve 25 Requests for Admission.[1]

- **Requests for Production:** Each side may serve up to 50 Requests for Production.

The Parties reserve the right to seek leave of the Court to amend or deviate from any of the limits on discovery upon agreement of the Parties or for good cause. The Parties further agree, and ask the Court to order, that the Parties may modify the discovery limitations by consent of both Parties without requiring express authorization from the Court.

Service of Discovery: The Parties agree that the deadline for service of discovery requests and responses is 11:59pm Eastern Time via email or a secure file share or FTP link.  A response that would otherwise be due on a weekend or federal holiday shall be due on the next business day.

## Trial by Magistrate Judge

The Parties do not consent to trial by magistrate judge.

## E-Discovery and Case-Specific Protective Order

The Parties intend to prepare and submit a stipulation to govern the discovery, production, and treatment of Electronically Stored Information ("ESI") in this case.  The Parties will cooperate to draft a case-specific protective order, which they expect to submit to the Court for approval shortly.

The Parties agree that a case-specific protective order is warranted in this case, since they expect that discovery will entail production of documents and/or testimony containing

---

[1] Requests for Admission intended to establish the authenticity of documents do not count toward this limit.

3

confidential, proprietary, personal, and/or commercially sensitive information. Moreover, the Parties believe that a case-specific protective order is necessary to balance the Parties' need for information to conduct the litigation against their need to maintain the confidentiality of certain information. The Parties will cooperate to draft a case-specific protective order, which they expect to submit to the Court for approval shortly. The case-specific protective order will also address the inadvertent production of protected materials.

### Status of Settlement Discussions

Pursuant to Local Rule 16.1(c), Plaintiff Hisense presented a settlement proposal to Defendant Baker on October 29, 2025.

### Local Rule 16.1(d)(3) Certification

Pursuant to L.R. 16.1(d)(3), each Party will file a certification that it and its counsel have conferred: (i) with a view to establishing a budget for the costs of conducting the full course and various alternative courses of the litigation; and (ii) to consider the possibility of resolving this litigation through the alternative dispute resolution program, such as those outlined in L.R. 16.4. In particular, Baker believes that this case would benefit from a referral to another judicial officer for purposes of an in-person settlement conference among party representatives with settlement authority pursuant to L.R. 16.4(b).  Hisense disagrees that a settlement conference would be productive at this time (given the Parties' prior discussions) and further disagrees that any settlement conference should require in-person attendance by party representatives.

### Rule 16 Conference

The Parties note that the Court has set the Initial Scheduling Conference as a Remote Proceeding.  Dkt. 14.  The Parties appreciate the Court's willingness to allow counsel to participate remotely.

Dated:  November 6, 2025           Respectfully submitted,


By: */s/ Patrick J. McKeever*      
     Patrick J. McKeever (*pro hac vice*)
     PMcKeever@perkinscoie.com
     PERKINS COIE LLP
     11452 El Camino Real, Ste 300
     San Diego, California 92130-2080
     Telephone:    +1.858.720.5700

     John Christopher Moulder (BBO #695269)
     ChrisMoulder@perkinscoie.com
     PERKINS COIE LLP
     700 Thirteenth Street, NW, Suite 800
     Washington, DC 20005-3960
     Telephone:    +1.202.654.3337

     ***Attorneys for Plaintiff Hisense USA***
     ***Corporation***

By: */s/ Cortney S. Alexander*    
     Thomas P. O'Connell (BBO# 567,644)
     tpo@oconnellusa.com
     O'CONNELL LAW OFFICE
     1026A Massachusetts Avenue
     Arlington, MA 02476
     Telephone: +1.781.643.1845
     Facsimile: +1.781.643.1846

     Cortney S. Alexander
     cortneyalexander@kentrisley.com
     Tel: (404) 855-3867
     Fax: (770) 462-3299
     KENT & RISLEY LLC
     5755 N Point Pkwy Ste 57
     Alpharetta, GA 30022

     ***Attorneys for Defendant Baker Laser***
     ***Technology, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system which will send notification of such filing to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 6th day of November 2025.

*/s/ Patrick J. McKeever*
Attorney Name